# VARD R. JOHNSON
ATTORNEY AT LAW

(617) 447-4690 Phone

8 Water Street
Ipswich, Massachusetts 01938

Internet
vardinboston@verizon.net

December 11, 2020

US Department of Homeland Security
National Benefits Center
P.O. Box 25920
Overland Park, Kansas 66225

Re: Anna Rabinovych  A208-113-432/SRC2012950724
Saba Alelishvili  A208-113-433/SRC2012950768

Dear Staff:

I am the attorney for Adjustment Petitioner Anna Rabinovych and her husband, Adjustment Petitioner Saba Alelishvili. My G-28s for each Petitioner are in their respective files.

I am responding to your RFEs of November 30, 2020 in which you ask the two petitioners to submit evidence that each maintained his or her nonimmigrant status since the time of last admission until the date each filed form I-485. Because the two Petitioners submitted relevant evidence on this question with their original filings, no new evidence should be needed. That being said, we would offer the following for ease in analysis:

**For Petitioner Anna Rabinovych**

A. Petitioner Rabinovych was last admitted to the US February 25, 2015 in F-1 class for the duration of such status. Attached as exhibit A is the I-94 for this admission.

B. At the time of the foregoing admission, Ms. Rabinovych was undergoing her one year of approved optional practical training. Attached as exhibit B are the I-20 forms for Ms. Rabinovych's studies in the United States, including the I-20 authorizing optional practical training for the period beginning October 1, 2014 and ending September 30, 2015.

C. Attached as exhibit C is a copy of the OPT work permit issued by USCIS to Ms. Rabinovych covering the period beginning October 8, 2014 and ending October 7, 2015.

D. On May 26, 2015, Ms. Rabinovych applied for asylum. Attached as exhibit D is the USCIS receipt for the application and as exhibit E the completion of the biometric exam.

E. On February 27, 2020, Ms. Rabinovych filed form I-485, her application to adjust status. Attached as exhibit F is the receipt for the filing reflected on USCIS form I-797C.

F. Ms. Rabinovych's application for asylum has remained unadjudicated since the time of filing. Attached as exhibit G is the current online print-out from USCIS stating that Ms. Rabinovych's asylum filing awaits the scheduling of an interview.

**For Petitioner Saba Alelishvili**

A. Petitioner Alelishvili was last admitted to the US November 7, 2015 in B-2 class until May 6, 2016. Attached as exhibit A is the I-94 for this admission.

B. On May 26, 2015, Petitioner's wife, Anna Rabinovych, applied for asylum. At the time of the filing, Petitioner Alelishvili was in the United States. Anna Rabinovych included Petitioner Alelishvili as her spouse in her application for asylum. Attached as exhibit B is the USCIS receipt for the application, as exhibit C Petitioner Alelishvili's I-94 showing his admission to the US on May 15, 2015 in class B-1 with authorization to remain until August 7, 2015, as exhibit D Petitioner Rabinovych's application for asylum and as exhibit E the completion by Petitioner Alelishvili of the biometric exam.

C. On February 27, 2020, Mr. Alelishvili filed form I-485, his application to adjust status. Attached as exhibit F is the receipt for the filing reflected on USCIS form I-797C.

D. Ms. Rabinovych's application for asylum has remained unadjudicated since the time of filing. Attached as exhibit G is the current online print-out from USCIS stating that Ms. Rabinovych's asylum filing awaits the scheduling of an interview.

**On the matter of status at the time of filing applications to adjust status:**

INA 245(c)(2) denies adjustment to an alien "who is in unlawful immigration status on the date of filing an application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States."

As noted earlier Ms. Rabinovych was admitted to the United States as an F-1 visa holder on February 15, 2015 for duration of status. On May 26, 2015, Ms. Rabinovych filed her application for asylum. At the time of the filing, Ms. Rabinovych was a student at Boston University and was maintaining her status as a student. At the time she filed her application for asylum, she was halfway through her 12 month period of optional practical training which

began October 8, 2014 and ended October 7, 2015. Pursuant to regulation, Ms. Rabinovych's student status would end December 5, 2015---60 days after the expiration date of the EAD. See 8 C.F.R. 214.2(f)(10)(ii)(D)

Long before her student status ended on December 5, 2015, Ms. Rabinovych sought to change her status to that of an asylee. The Service failed to act upon this application at any time before Ms. Rabinovych filed on February 27, 2020 her application to adjust status.

According to 8 C.F.R. §245.1(d)(2)(ii), failure of the Service to act upon a timely filed request to change status constitutes a technical reason relieving an alien from the adjustment bar of 245(c)(2). An application for asylum, when filed while the alien is in status and is not then acted upon by the Service, provides the alien with a technical reason that excuses the alien from any allegation of failure to maintain status or being in an unlawful immigration status. Mart v. Beebe, 2001 U.S. Dist. LEXIS 182 (D.Ore, 2001). See also In re L-K- 23 I&N Dec. 677 (BIA, 2004) where the Board determined that a referral of the asylum applicant's case to the Immigration Court was an 'action' by the Service upon the application and that, from that point forward, the alien could not avail himself of the technical reason carve-out from the barriers to adjustment under 245(c)(2). Obviously, if the Service had not referred the asylum case to the Immigration Court, there would have been no 'action' on the application and the alien would not have been barred by 245(c)(2) from adjusting. Kukalo v Holder, 744 F. 3d 395, 402-5 (6th Cir. 2011) affirms Petitioners' reading of In re L-K- as allowing adjustment when the application for adjustment is filed while the applicant is in status and no action has been taken on the asylum application.

Because USCIS failed to act upon Ms. Rabinovych's timely filed application for asylum at any time before she filed her application to adjust status, 245(c)(2) does not prevent her from adjusting. For technical reasons and through no fault of her own, she is excused from maintaining status during the period between December 5, 2015 and February 27, 2020. And again for technical reasons and through no fault of her own, at no time between December 5, 2015 and February 27, 2020 was she in unlawful immigration status within the meaning of 245(c)(2).

Moreover, section 245(k) INA excuses Ms. Rabinovych from establishing that, on February 27, 2020, she was in lawful nonimmigrant status. 245(c)(2) and (7), INA would require an applicant for adjustment to be in status at the time of the application for adjustment. 245(k) INA excepts the applicant from the rigors of (c)(2) and (7) as follows:

> "An alien who is eligible to receive an immigrant visa under paragraphs (1), (2) or (3) of section 203(b) (or in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if—
>
> > (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;

> (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days---
>
> (A) failed to maintain continuously, a lawful status;
> (B) engaged in unauthorized employment; or
> (C) otherwise violated the terms and conditions of the alien's admission."

Ms. Rabinovych was present in the United States at the time she filed for adjustment pursuant to a lawful admission. (She was last admitted on February 15, 2015 in F-1 status.) She had not aggregated more than 180 days of unauthorized employment and, because her failure to maintain status resulted only from a technical violation or through no fault of her own she had accrued no time whatsoever for failing to maintain continuously a lawful status. As discussed earlier in this letter, even though Ms. Rabinovych's student status expired December 5, 2015, she had applied for asylum before her student status expired. The 180 day grace period of 245(k) was on hold during the pendency of her asylum application as the Service had not acted on it subsequent to its filing and before February 27, 2020---the day Ms. Rabinovych applied for adjustment. As noted earlier in this letter, for technical reasons, Ms. Rabinovych was excused from the requirements of 245(c) (2). As a result, none of the days of unlawful status between December 5, 2015 and February 27, 2020 count towards the 180 day grace period.

> "A period of unlawful status found to result only from a 'technical violation' or through no fault of the applicant, as described in 8 C.F.R. 245.1(d)(2), does not invoke the section 245(c)(2) bar. Thus, such period does not count against the 180 day period." AFM Chapter 23.5 (d)(4)(C)(ii)

As none of the 180 day grace period due to unlawful status which itself resulted from a technical violation or through no fault of her own counts against her, Ms. Rabinovych's failure to be in lawful non-immigrant status as of the date she filed her application to adjust status as required by subsections (c)(2) and (c)(7) would fall within the grace period protections of Section 245(k) and are to be disregarded.

The same logic applies to the situation of Ms. Rabinovych's husband, Saba Alelishvili. As the holder of a multiple entry visitor's visa, Mr. Alelishvili entered the United States May 15, 2015 with permission to stay until August 7, 2015. On May 26, 2015, Ms. Rabinovych filed her application for asylum. Since Mr. Alelishvili was then present in the United States and, as allowed by 8 C.F.R. §208.3(a), Ms. Rabinovych included him as a dependent and submitted a duplicate copy to USCIS. As Ms. Rabinovych's dependent, Mr. Rabinovych's status would change to that of an asylee whenever USCIS approved Ms. Rabinovych's application for asylum provided that Mr. Alelishvili was not otherwise ineligible. 8 U.S.C. 208(b)3)(A) and 8 C.F.R. §208.21(a).

Mr. Alelishvili was last admitted to the United States on November 7, 2015 as a B-2 visitor with authorization to remain until May 6, 2016.

Though Mr. Alelishvili's status as a visitor expired May 6, 2016, long before he filed his application to adjust status on February 27, 2020, he is not barred from adjustment by 245 (c)(2), as USCIS failed to act upon his principal's timely filed application for asylum at any time before he filed his application to adjust status. For technical reasons and through no fault of his own, he is excused from maintaining status during any period between May 6, 2016 and February 27, 2020.

Moreover, as in Ms. Rabinovych's case, the benefits of 245(k) are available to him. AFM Chapter 23.5(d)(2)(B). Because all periods of unlawful status by Mr. Alelshivili would not be counted against the 180 day grace period of 245(k) when they result from "technical reasons" or through no fault of his own and because the longstanding delay of USCIS in adjudicating Ms. Rabinovych's asylum case is such a qualifying event, 245(k) specifically exempts Mr. Alelshivili from the bars of (c)(2) and (c)(7) to adjustment.

For the reasons discussed above, neither 245(c)(2), (c)(7) nor (c)(8) bar Anna Rabinovych from adjustment nor do 245(c)(2) nor (c)(7) bar Saba Alelishvili from adjustment.

Yours very truly,

Vard R. Johnson