May 14, 2021



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225



U.S. Citizenship
and Immigration
Services



VARD R JOHNSON
LAW OFFICES OF VARD JOHNSON
8 WATER ST
IPSWICH, MA 01938

SRC2012950724

RE: ANNA RABINOVYCH
I-485, Application to Register Permanent Residence or Adjust Status

A208-113-432

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status filed on February 27, 2020, in accordance with Section 245 of the Immigration and Nationality Act (Section 245 of the INA).

You must establish that you satisfied each adjudicative element to establish eligibility for the requested benefit. If there are any issues for which you do not overcome, then each issue forms a separate basis for the denial. In this case, the following issues independently form the basis for this denial and will be discussed in this notice:

INA 245(a) limits adjustment of status, a discretionary benefit, to applicants who are eligible to receive an immigrant visa and admissible to the United States. An applicant who, after admission, fails to continuously maintain a lawful status, engages in unauthorized employment or otherwise violates the terms and conditions of their admission is barred from adjusting by INA 245(c) and USCIS regulation.

INA 245(c) states, in pertinent part:

> (c) Other than an alien having an approved petition for classification as a VAWA self-petitioner, subsection (a) shall not be applicable to...
>
> > (2) subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H), (I), (J), or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; ...
>
> > (7) any alien who seeks adjustment of status to that of an immigrant under section 203(b) and is not in a lawful nonimmigrant status; or

Title 8, Code of Federal Regulations (CFR) Part 245.1(b) states, in pertinent part:

> Restricted Aliens. ... (6) Any alien who files an application for adjustment of status on or after November 6, 1986, who has failed (other than through no fault of his or her own or for technical reasons) to maintain continuously a legal status since entry into the United States....
>
> (9) Any alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status; and

INA 245(k) permits the adjustment of certain lawfully admitted Employment-Based applicants despite limited violations under INA 245(c)(2), (7) or (8). The full provisions of INA 245(k) are as follows:

> (k) An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if--
>
> > (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission;
> >
> > (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days--
> >
> > > (A) failed to maintain, continuously, a lawful status;
> > >
> > > (B) engaged in unauthorized employment; or
> > >
> > > (C) otherwise violated the terms and conditions of the alien's admission.

For INA 245(k) adjustment purposes, lapses or violations of lawful status are counted from the time of the applicant's last admission until filing for adjustment of status. Any unauthorized employment is counted from the time of last admission until alien adjusts, as clarified in chapter 23.5(d) of the Adjudicator's Field Manual (AFM):

> (4) Counting against the 180 days timeframe...
>
> > (A) General Guidelines. If the adjudicator determines that an employment-based adjustment of status applicant... is subject to any of the bars to adjustment of status set forth in Sections 245(c)(2), (c)(7), or (c)(8), then the adjudicator must determine whether the aggregate period in which the alien failed to continuously maintain lawful status, worked without authorization, or otherwise violated the terms and conditions of the alien's admission since the date of alien's last lawful admission to the United States is 180 days or less... An alien may be subject to more than one bar or violation described in section 245(k)(2) at the same time... each day in which one or more of these violations existed must be counted as one day...
> >
> > (C) Failed to Maintain a Lawful Status and/or Violated the Terms of a Nonimmigrant Visa.
> >
> > > (1) General. ...for purposes of the 180-day counting period, calculation of the number of days for failing to maintain status or violating a nonimmigrant visa will stop as of the date USCIS receives

a properly filed adjustment of status application.

A review of your application or USCIS records shows that after your last admission on February 15, 2015, you failed to maintain, continuously, a lawful status or otherwise violated the terms and conditions of your admission. Specifically, you were not in lawful status when you filed Form I-485 on February 2, 2020.

In correspondence from this office dated November 30, 2020, you were requested to submit evidence of all lawful status or employment authorization granted to you from December 6, 2015 until February 27, 2020.

In response, you submitted, a letter from your attorney, your most recent I-94, copies of Form I-20, a copy of your I-765 card, a copy of Form I-797C for your Form I-589, a copy of Form I-797C for your Form I-485, and a copy of your Case Status Online for receipt ZNK1500063770.When you filed Form I-485 on February 27, 2020, you were no longer in lawful status as your F-1 visa expired December 5, 2015. The filing of your asylum application on May 26, 2015, placed you in a period of lawful stay from the time your F-1 status expired until the adjudication of your asylum application. An applicant must be in lawful status, not lawful stay, at the time the I-485 is filed.

USCIS has thoroughly reviewed the evidence of record, including your response. The record shows that the aggregate period in which you failed to maintain a lawful status or violated the terms and conditions of your admission exceeds the 180 day maximum excusable under INA 245(k).

USCIS further reviewed your application to determine whether you are eligible to overcome the above restrictions and adjust under INA 245(i). To be eligible under INA 245(i), an applicant must be the beneficiary of a qualifying immigrant visa petition (or labor certification) filed on or before April 30, 2001. The record fails to show you are such an alien or that you are a grandfathered alien eligible to apply under INA 245(i) through a prior immigrant visa petition (or labor certification) properly filed on or before April 30, 2001. As such, you remain an alien restricted from adjusting as described under INA 245(c)(2), (7) or (8) and this application may not be approved.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

After a review of the application and all of the supporting evidence, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny Form I-485.

Since this Form I-485 has been denied, the condition upon which your Employment Authorization document and/or Advance Parole document was based, no longer exists. Therefore, USCIS has determined that any pending Application for Employment Authorization, Form I-765, and/or Application for Travel Document, Form I-131, related to the Form I-485 are also denied.

Any unexpired Employment Authorization document based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision shall be final and no appeal shall lie from the decision to revoke the authorization. Any unexpired Advance Parole document based upon this Form I-485 is terminated as of the date of this notice pursuant to 8 CFR 212.5(e)(2)(i). Any unexpired Employment Authorization document and/or Advance Parole document based upon this Form I-485 should be returned to the local USCIS office.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law.

You are not authorized to remain in the United States. If you do not intend to file a motion or appeal on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9)(B) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

There is no appeal from this decision. You may file a motion to reopen or reconsider. Your motion to reopen or reconsider must be filed on Form I-290B, Notice of Appeal or Motion, within 30 days of the date of this notice (33 days if this notice is received by mail). To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov. For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contactcenter.

Sincerely,

*[signature: Robinson]*

Terri A. Robinson
Director
Officer: OA0010

May 14, 2021

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225



U.S. Citizenship
and Immigration
Services



SRC2012950768



VARD R JOHNSON
LAW OFFICE OF VARD JOHNSON
8 WATER ST
IPSWICH, MA 01938

RE: SABA ALELISHVILI
I-485, Application to Register Permanent Residence or Adjust Status

A208-113-433

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status filed on February 27, 2020, in accordance with Section 245 of the Immigration and Nationality Act (Section 245 of the INA).

You must establish that you satisfied each adjudicative element to establish eligibility for the requested benefit. If there are any issues for which you do not overcome, then each issue forms a separate basis for the denial. In this case, the following issues independently form the basis for this denial and will be discussed in this notice:

INA 203(d) states, in pertinent part:

> A spouse or child as defined in subparagraph (A), (B), (C), (D), or (E) of section 101(b)(1) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa under subsection (a), (b), or (c), be entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent.

The record establishes that your adjustment application is dependent on the application of anna Rabinovych, your Spouse, also filed on February 27, 2020. The record in that matter establishes that your Spouse's adjustment application has been denied. Therefore, there is no basis on which to grant accompanying or following-to-join status to a dependent spouse or child.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

After a review of the application and all of the supporting evidence, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny Form I-485.

Since this Form I-485 has been denied, the condition upon which your Employment Authorization document and/or Advance Parole document was based, no longer exists. Therefore, USCIS has determined that any pending Application for Employment Authorization, Form I-765, and/or Application for Travel Document, Form I-131, related to the Form I-485 are also denied.

Any unexpired Employment Authorization document based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision shall be final and no appeal shall lie from the decision to revoke the authorization. Any unexpired Advance Parole document based upon this Form I-485 is terminated as of the date of this notice pursuant to 8 CFR 212.5(e)(2)(i). Any unexpired Employment Authorization document and/or Advance Parole document based upon this Form I-485 should be returned to the local USCIS office.

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law.

You are not authorized to remain in the United States. If you do not intend to file a motion or appeal on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9)(B) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

There is no appeal from this decision. You may file a motion to reopen or reconsider. Your motion to reopen or reconsider must be filed on Form I-290B, Notice of Appeal or Motion, within 30 days of the date of this notice (33 days if this notice is received by mail). To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov. For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contactcenter.

Sincerely,

*Robinson*

Terri A. Robinson
Director
Officer: OA0010