UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANNA RABINOVYCH; and
SABA ALELISHVILI,

        Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary,
U.S. Department of Homeland Security;

U.S. DEPARTMENT OF HOMELAND
SECURITY;

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES;

and TERRI A. ROBINSON, Director,
U.S. Citizenship and Immigration Services,
National Benefits Center;

        Defendants.

C.A. No. 21-cv-11785-AK

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

### INTRODUCTION

Defendants file this memorandum of law in support of a supplemental[1] motion to dismiss as a recent decision from the U.S. Supreme Court provides support to an additional argument that this Court is without subject-matter jurisdiction to consider Plaintiffs Anna Rabinovych and Saba Alelishvili's Complaint ("Plaintiffs"). On May 16, 2022, the Supreme Court decided *Patel v.*

---

[1] Defendants previously filed a motion to dismiss contending that this Court lacked subject-matter jurisdiction over Plaintiffs' Complaint for multiple reasons. *See* Dkt. 33. Such motion remains pending.

*Garland,* -- U.S. --, 142 S. Ct. 1614 (2022), holding that 8 U.S.C. § 1252(a)(2)(B)(i) deprives federal courts of subject-matter jurisdiction over all judgments related to the denial of applications to adjust status under 8 U.S.C. § 1255, and that the provision's jurisdictional bar "does not restrict itself to certain kinds of decisions." *Id*. at 1622. This decision is relevant to the instant matter as Plaintiffs filed their Complaint seeking this Court's judicial review over U.S. Citizenship and Immigration Services' ("USCIS") denials of both of their adjustment of status ("AOS") applications. Although *Patel* considered jurisdiction to review judgements related to the denial of AOS applications for non-citizens in removal proceedings, and did not explicitly extend its holding to claims of those seeking judicial review of AOS outside of removal proceedings, the reasoning of the *Patel* decision applies equally to Plaintiffs' Complaint, and as explained below, provides an additional basis for this Court to conclude that it lacks subject-matter jurisdiction to consider Plaintiffs' challenge to USCIS' denial of their AOS applications.

## LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(1) motion to dismiss challenges "whether the federal district court has subject-matter jurisdiction over the action before it." *United States v. Lahey Clinic Hospital, Inc.*, 399 F.3d 1, 8 n. 6 (1st Cir. 2005) (citation omitted). Ultimately, the court is required to dismiss any complaint where subject-matter jurisdiction is lacking. *United Seniors Ass'n v. Philip Morris USA*, 500 F.3d 1923 (1st Cir. 2007) (citation omitted). As explained by the Supreme Court, "[t]he objection that a federal court lacks subject-matter jurisdiction … may be raised by a party, or a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgement." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(h)(3)).

## STATEMENT OF FACTS

Plaintiff Rabinovych ("Rabinovych") is a native and citizen of Ukraine. Complaint, Dkt. 1, ¶ 1. Plaintiff Alelishvili ("Alelishvili") is a native and citizen of Georgia. *Id*. ¶ 2. Rabinovych

2

last entered the United States in 2015 when she was admitted on a student visa. *Id*. ¶ 9. Alelishvili entered the United States in 2015 on a nonimmigrant visitor visa. *Id.* ¶ 12. Rabinovych's student visa expired on October 7, 2015. *Id*. ¶ 9.

On February 20, 2020, Rabinovych filed her AOS application with USCIS, listing her spouse Alelishvili as a derivative beneficiary. *Id*. ¶ 14. USCIS requested evidence from Plaintiffs to establish that they had maintained lawful non-immigrant status since their last lawful admission to the United States. *Id.* ¶ 15. After receiving a response from Plaintiffs, USCIS denied Rabinovych's AOS application because she had not been in a lawful immigration status on the date of filing her application and had failed to continuously maintain a lawful immigration status since entry. *Id.* ¶ 16. As a derivative beneficiary on his wife's application, USCIS also denied Alelishvili's application. *Id.*

## ARGUMENT

This Court lacks jurisdiction to consider Plaintiffs' challenge to USCIS' denial of their AOS applications pursuant to the jurisdiction stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i). Such conclusion is derived from the statute's plain language, the *Patel* Court's expansive interpretation of such provision, and decisions from courts across the country concluding that district court judicial review of adjustment of status challenges is barred. As such, Plaintiffs' challenge brought pursuant to the Administrative Procedures Act ("APA") must be dismissed as the APA does not "afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). The APA does not apply where another statute "preclude[s] judicial review." 5 U.S.C. § 701(a)(1).

Federal courts generally lack jurisdiction to review discretionary decisions made by the Attorney General or the Secretary of Homeland Security. Title 8 U.S.C. § 1252(a)(2)(B) is entitled "Denials of discretionary relief." It directs that "[n]otwithstanding any other provision

of law (statutory or nonstatutory), … and except as provided in subparagraph (D), *and regardless of whether the judgement, decision, or action is made in removal proceedings, no court shall have jurisdiction to review any judgment regarding the granting of relief under section … 1255 of this title*." 8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added). Section 1255 provides the statutory basis for AOS applications as it provides that the "status of an alien … may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence …." 8 U.S.C. § 1255(a). As such, by the jurisdiction stripping statute's plain language, this Court lacks jurisdiction over this Complaint as there is no dispute that Plaintiffs brought this action to challenge USCIS' denial of their AOS applications that were filed pursuant to Section 1255(a). *See* Dkt. 1 at 1, 14; *id*. ¶¶ 29 – 32, 35.

This Court's lack of subject-matter jurisdiction over review of an AOS denial is even more evident after the Supreme Court's *Patel* holding. The *Patel* Court construed Section 1252(a)(2)(B)(i)'s jurisdiction-stripping bar broadly. In *Patel*, a noncitizen filed a petition for review with the Eleventh Circuit seeking judicial review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of an AOS application. At the panel level and on rehearing en banc, the circuit court held that it lacked jurisdiction to consider Patel's claim because federal law prohibits judicial review of "any judgment regarding the granting of relief" under 8 U.S.C. § 1252(a)(2)(B)(i), and that "all factual determinations made as part of considering a request for discretionary relief fall within § 1252(a)(2)(B)(i)'s prohibition on judicial review." 142 S. Ct. at 1621. The Supreme Court granted certiorari to resolve a Circuit split and considered the Immigration and Nationality Act's ("INA") jurisdiction stripping provision found at 8 U.S.C. § 1252(a)(2)(B)(i). In analyzing the statutory provision, the Supreme Court held that that federal courts lack jurisdiction over all judgments related to the denial of adjustment of status, and accepted amicus' interpretation that 8 U.S.C. § 1252(a)(2)(B)(i)'s jurisdictional bar "does not

4

restrict itself to certain kinds of decisions." *Id.* at 1622. Rather, it prohibits review of *any* judgement *regarding* the granting of relief under § 1255 and other enumerated provisions." *Id.* (emphasis in original). As such, Section 1252(a)(2)(B)(i)'s jurisdiction stripping effect was not restricted to "just discretionary judgements or the last-in-time judgement." *Id.* Therefore, Section 1252(a)(2)(B)(i) "encompasses not just the 'granting of relief' but also any judgement *relating to* the granting of relief." *Id.* (emphasis in original).

In reaching this conclusion, the Court rejected the argument that the provision's use of "judgment" referred exclusively to a "discretionary" decision. *Id.* at 1623-24 (explaining that "[h]ad Congress intended to limit the jurisdictional bar to 'discretionary judgements,' it could easily have used that language—as it did elsewhere in the immigration code."). *Id.* at 1624. The Court also rejected the argument that Section 1252(a)(2)(B)(i) only applies to the actual decision of whether to deny or grant relief, and therefore determinations as to the eligibility for the application for relief remained subject to judicial review, finding that such an interpretation would read "regarding" out of the statute entirely. *Id.* at 1625-26.

While the *Patel* court noted that the "reviewability of [USCIS] decisions is not before us, and we do not decide it," it nonetheless observed that "it is possible that Congress did, in fact, intend to close th[e] door" to judicial review of USCIS decisions. *Id.* at 1626. The Court reasoned that Congress had amended the relevant statutory provisions to "extend[] the jurisdictional bar to judgments made outside of removal proceedings [while] at the same time that they preserved review of legal and constitutional questions made within removal proceedings" and that "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 1626-27. *Patel's* dissent also recognized that with the majority's interpretation of Section 1252(a)(2)(B)(i), "individuals who could once secure judicial review to correct

5

administrative errors at step one in district court are now, after its decision, likely left with no avenue for judicial relief of *any kind*." *Id.* at 1637 (emphasis in original).

Pursuant to *Patel's* reasoning, this Court lacks subject-matter jurisdiction over Plaintiffs' Complaint which plainly seeks district court review of their AOS denial. Nonetheless, Plaintiffs will be able to seek judicial review of their AOS denial, just not with this Court. The aforementioned subparagraph (D) is titled "Judicial review of certain legal claims" and clarifies that despite the INA's bar on judicial review of agency judgements under Section 1255, "[n]othing in subparagraph (B) … shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). As previously explained in Defendants' memorandum in support of its motion to dismiss and subsequent reply, Plaintiffs will have the opportunity to renew their AOS applications before an IJ in Immigration Court if USCIS does not grant their pending asylum claim. *See* 8 U.S.C. § 1229(a); 8 C.F.R. § 1239.1; 8 C.F.R. § 208.14(c)(1). If the IJ does not grant their AOS applications, Plaintiffs can appeal to the BIA. *See* 8 C.F.R. § 1003.1(b). And if the BIA affirms the IJ's denial of the AOS applications, Plaintiffs can then seek judicial review of "constitutional claims or questions of law" before the First Circuit through a petition for review. 8 U.S.C. § 1252(a)(2)(D).

While the First Circuit has not addressed whether Section 1252(a)(2)(B)(i) strips a district court's jurisdiction to consider USCIS's denial of an adjustment of status application, numerous other courts reached this conclusion pre-*Patel* based upon the plain language of the statute. *See Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 967 (11th Cir. 2014) ("If [the Cuban Adjustment Act] is part of § 1255, then any judicial review of the USCIS CAA-eligibility determination is precluded by § 1252(a)(2)(B)(i)."); *J.M.O. v. United States*, 3 F.4th 1061, 1063 (8th Cir. 2021) (Applying § 1252(a)(2)(B)(i) to bar review of USCIS' decision

because "[t]he introductory part of § 1252(a)(2)(B) makes clear the statute applies 'whether the judgment, decision, or action is made in removal proceedings.'"); *Lee v. U.S. Citizenship & Immig. Servs.*, 592 F.3d 612, 621 (4th Cir. 2010) (explaining that "[l]ike a number of our sister circuits, we therefore conclude that the district court did not have jurisdiction to entertain Lee's challenge to the [USCIS] District Director's eligibility determination and subsequent denial of adjustment of status."); *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (explaining that Section 1252 "strips the courts of jurisdiction to review a [USCIS] decision made on an [adjustment of status] application under [Section 1255]."); *Hassan v. Chertoff*, 593 F.3d 785, 788-89 (9th Cir. 2010) (per curiam) (same); *Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008) (per curiam) (same); *Jimenez Verastegui v. Wolf*, 468 F. Supp. 3d 94, (D.D.C. 2020), *appeal dismissed sub nom. Verastegui v. Wolf*, No. 20-5215, 2020 WL 8184637 (D.C. Cir. Dec. 11, 2020) (explaining that the district court lacked jurisdiction over USCIS' decision denying adjustment of status because the "statutory text does not support" the argument that the court retained jurisdiction because the denial was based on a pure question of law and not the exercise of discretion.); *Ramat v. Nielsen*, 317 F. Supp. 3d 1111 (S.D. Cal. 2018).

Section 1252(a)(2)(B)(i) strips this Court of subject-matter jurisdiction to review Plaintiffs' Complaint even though Plaintiffs are not in removal proceedings and are not challenging a final order of removal as the provision applies "regardless of whether the judgement, decision, or action is made in removal proceedings." USCIS' denial of Plaintiffs' AOS application was not based on a discretionary ground, however, the Supreme Court clearly explained in *Patel* that Section 1252(a)(2)(B)(i) applies to "any judgment regarding" the granting of adjustment of status, and not simply to "discretionary" decisions made during such process. As such, this Court must dismiss Plaintiffs' Complaint as the APA does not provide independent subject-matter jurisdiction and does not apply when another statute precludes judicial review.

7

## CONCLUSION

For the foregoing reasons set forth in this memorandum and in Defendants' prior memorandum in support of its motion to dismiss and ensuing reply, Plaintiffs have failed to meet their burden to demonstrate that this Court has jurisdiction to entertain their claims. As such, Plaintiffs' Complaint must be dismissed.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Dated: June 24, 2022     By:     */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3347
Email: mark.sauter@usdoj.gov

## CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 24, 2022     By:     */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney